# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ARI BAILEY-BEY,          *

      Plaintiff,          *

v.                     *        Civ. No. DLB-22-2778

MARILYN MOSBY, *et al.*,      *

      Defendants.      *

## MEMORANDUM OPINION

Self-represented plaintiff Ari Bailey-Bey filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging malicious prosecution against former Baltimore City State's Attorney Marilyn Mosby, Assistant State's Attorney J. Burke Miller, and Sergeant Charles Manners of the Baltimore City Police Department.[1]  ECF 1.  He seeks $11.5 million in damages.  *Id.* at 15.

The defendants moved to dismiss the complaint for failure to state a claim.  ECF 6, 8. Bailey-Bey filed an opposition, ECF 17, to which Sgt. Manners replied, ECF 18.  A hearing is not necessary.  *See* Loc. R. 105.6 (D. Md. 2023).  Because Mosby and Miller are immune from suit and the statute of limitations bars Bailey-Bey's claims, the defendants' motions to dismiss are granted.[2]

---

[1] The Clerk shall correct the spelling of Sgt. Manners' last name on the docket.

[2] Also pending is Bailey-Bey's "Motion to Clarify the Record," in which he makes a second request that the Court "address all mail from this Court to Plaintiff as 'Special Legal Mail: Open Only in Presence of Prisoner pursuant to 28 CFR § 540.19(b).'"  ECF 12; *see also* ECF 20 (aff. in support); ECF 14 (first request).  Bailey-Bey is concerned that he has not received all Court filings since February 24, 2023.  ECF 20.  The Court has not sent Bailey-Bey anything since that date.  In another filing, also called "Motion to Clarify the Record" and docketed as a supplement to ECF 12, Bailey-Bey asks for a copy of the docket sheet in this case.  ECF 19.  The Court is directed to send Bailey-Bey a printout of the docket in this case.  The Court previously addressed Bailey-Bey's request to label mail to him as "Special Legal Mail" and noted that "Court mail should be treated as 'special mail,' that is, legal mail, based on its return address label that identifies the

## I.      Background

Bailey-Bey alleges that in 1993 a warrant for his arrest was issued in Baltimore City based on false statements.  ECF 1, at 5–6.  He claims that the defendants "kept this materially false . . . affidavit/warrant active for twenty-six (26) years without any probable cause."  *Id.* at 6.  According to Bailey-Bey, no grand jury was empaneled during that time, and the defendants did not produce any evidence to support the false statements.  *Id.* at 10.

On December 19, 2018, Bailey-Bey requested a final disposition of the open warrant.  *Id.* at 12.  On June 4, 2019, Bailey-Bey was arraigned in the Circuit Court for Baltimore City based on the 1993 charges.  *Id.*  Mosby was the State's Attorney at the time, and Miller was the prosecutor assigned to the case.  *Id.* at 6; ECF 1-1.  Bailey-Bey promptly filed a "Pretrial Motion to Dismiss the Indictment Pursuant to Sixth Amendment's Speedy Trial Clause."  ECF 1, at 12.  By order dated August 1, 2019, the circuit court granted Bailey-Bey's motion to dismiss for violation of his right to a speedy trial and dismissed the charges against him.  *Id.* at 14; ECF 1-1, at 1.

Bailey-Bey's complaint alleging malicious prosecution was filed with this Court on October 27, 2022.  ECF 1.  He signed the complaint on August 10, 2022.  *Id.* at 16.  Sgt. Manners filed a motion to dismiss, arguing primarily that Bailey-Bey's complaint is barred by the statute of limitations.  ECF 6.  Mosby and Miller filed a separate Rule 12(b)(6) motion, asserting they are immune from suit.  ECF 8, 8-1.[3]

---

Court as the sender, and no additional label is necessary."  ECF 16.  For this reason, his motion is moot.

[3] In his opposition, Bailey-Bey seeks discovery under Federal Rule of Civil Procedure 56(d).  ECF 17-1, at 3.  Because Rule 56 applies only to motions for summary judgment, and none of the defendants filed such a motion in this case, Bailey-Bey is not entitled to discovery.

## II.     Standard of Review

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)).  To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court.  *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader.  *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022).  But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments."  *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)).  Nor does the Court "resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."  *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).  If, however, "all facts necessary to [an] affirmative defense" such as the statute of limitations "'clearly appear[ ] on the face of the complaint,'" the Court may consider the defense.  *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

The Court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs.  *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c).  The Court also may consider judicially noticed facts and documents integral to and explicitly relied on in the complaint when deciding a 12(b)(6) motion.  *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015).  Here, the Court properly

considers the circuit court's order dismissing the criminal charges against Bailey-Bey, which is attached as an exhibit to his complaint.

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  Accordingly, the Court must construe *pro se* pleadings liberally.  *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021).  But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)).  Thus, a *pro se* complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

## III.   Discussion

### A.   Immunity

The claims against former Baltimore City State's Attorney Marilyn Mosby in her individual capacity and Assistant State's Attorney J. Burke Miller are dismissed with prejudice because Maryland State's Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions.  *See Imbler v. Pachtman*, 424 U.S. 409, 422–23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997).  Absolute immunity from suit based on prosecutorial functions protects the judicial process.  To determine whether a prosecutor was performing a prosecutorial function, the Court

asks whether the prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422–23). The Court must use a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase.'" *Nero*, 890 F.3d at 118 (quoting *Imbler*, 424 U.S. at 430). "A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, *Buckley*, 509 U.S. at 273, decides to seek an arrest warrant, *Kalina*, 522 U.S. at 130, prepares and files charging documents, *id.*, participates in a probable cause hearing, *Burns*, 500 U.S. at 493, and presents evidence at trial, *Imbler*, 424 U.S. at 431." *Nero*, 890 F.3d at 118. Here, Bailey-Bey challenges the decision of Mosby and Miller to keep a warrant active for several years and their representation of the state in criminal proceedings against him. ECF 1, at 6. These prosecutorial actions are part and parcel of the judicial process. Mosby and Miller are immune from suit, and the claims against Mosby in her individual capacity and Miller are dismissed with prejudice. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating courts need not provide opportunity to amend if amendment would be futile); *United States ex rel. Carson v. Manor Care, Inc.*, 851 F.3d 293, 305 n.6 (4th Cir. 2017) ("[W]hen a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend.").

Similarly, Bailey-Bey brings a claim against former Baltimore City State's Attorney Marilyn Mosby in her capacity as a state official. "[A] suit against a state official in his or her official capacity is . . . a suit against the official's office" and thus is the equivalent of "a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and its departments are immune from suits in federal court brought by its citizens or the citizens of another state unless the state consents. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court.  In addition to consent, there are two other exceptions to Eleventh Amendment immunity: (1) when it is abrogated by Congress; and (2) when the plaintiff seeks "prospective injunctive relief against state officials acting in violation of federal law."  *See Lee-Thomas v. Prince George's Cnty. Pub. Schs.*, 666 F.3d 244, 249 (4th Cir. 2012) (quoting *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004)).  These exceptions do not apply here.  Bailey-Bey's claim against Mosby in her official capacity is barred from suit in this Court by the Eleventh Amendment and is dismissed without prejudice.  *See Pense v. Maryland Dep't of Pub. Safety & Corr. Servs.*, 926 F.3d 97, 103 (4th Cir. 2019) (remanding claims to be dismissed without prejudice on Eleventh Amendment immunity grounds).

### B.  Statute of Limitations

Sgt. Manners has raised the affirmative defense that Bailey-Bey's complaint is barred by the statute of limitations.  ECF 6.  There is no federal statute of limitations for § 1983 claims, and it is well-settled that the analogous state law statute of limitations provides the limitations period for such claims.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Burnett v. Grattan*, 468 U.S. 42, 49 (1984).  In Maryland, the applicable statute of limitations is three years from the date of the occurrence.  *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101 (providing that "[a] civil action at law shall be filed within three years from the date it accrues").

The three-year statute of limitations may be tolled for equitable reasons, but courts reserve equitable tolling for "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc)

(quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)).   As a result, equitable tolling is appropriate only when the litigant establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755–56 (2016) (clarifying the two elements focus on distinct factual spheres: those within a plaintiff's control and those outside his control) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).   A litigant's filing after the expiration of the statute of limitations due to an "innocent mistake" does not warrant "applying the extraordinary doctrine of equitable tolling." *Cunningham v. Comm'r of Internal Revenue*, 716 F. App'x 182, 185 (4th Cir. 2018).   Under Maryland law, the statute of limitations is strictly construed. *Hecht v. Resolution Tr. Corp.*, 635 A.2d 394, 399 (Md. 1994).

To state a § 1983 claim for malicious prosecution, the plaintiff must allege "(1) the initiation or maintenance of a proceeding against the plaintiff by the defendant; (2) termination of that proceeding favorable to the plaintiff; (3) lack of probable cause to support that proceeding; and (4) the defendant's malice." *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000).   When a § 1983 cause of action accrues is determined by federal law.   *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (citing *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)). Accrual occurs "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id*. (citing *United States v. Kubrick*, 444 U.S. 111, 122–24 (1979)).   When, as here, a § 1983 claim for malicious prosecution is based on allegedly fabricated evidence, the statute of limitations begins to run "when the criminal proceedings against [the plaintiff] terminated in his favor." *McDonough v. Smith*, --- U.S. ----, 139 S. Ct. 2149, 2161 (2019); *accord Johnson v. Balt. Police Dep't*, No. ELH-19-00698, 2020

WL 1169739, at *15 (D. Md. Mar. 10, 2020) (citing, *e.g.*, *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 390 (4th Cir. 2014)).

Bailey-Bey claims the prosecution against him was based on fabricated evidence, and it is undisputed that the criminal charges against him terminated in his favor when they were dismissed by court order on August 1, 2019.  Thus, Bailey-Bey had until August 1, 2022 to file his malicious prosecution claim.  Under the prison mailbox rule, a prisoner's filing is deemed "filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk."  *See Houston v. Lack*, 487 U.S. 266, 276 (1988).  It is not clear when Bailey-Bey provided his complaint to prison authorities to mail to this Court.  The Court did not receive his complaint until October 27, 2022, but even if the Court considers the date he signed the complaint, August 10, 2022, he filed too late.  Thus, the statute of limitations bars his claim against Sgt. Manners.

In his opposition, Bailey-Bey suggests equitable tolling applies because he was unaware that he had a valid cause of action until the Supreme Court issued its ruling in *Thompson v. Clark*, --- U.S. ----, 142 S. Ct. 1332 (2022), on April 4, 2022.  ECF 17-1, at 1.  Bailey-Bey asserts it was not until then that the Supreme Court no longer required plaintiffs in malicious prosecution cases "to show that the prosecution ended with some affirmative indication of innocence."  *Id.* at 5 (quoting *Thompson*, 142 S. Ct. at 1341).  It is true that the *Thompson* Court held that "a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence.  A plaintiff need only show that the criminal prosecution ended without a conviction."  *Thompson*, 142 S. Ct. at 1341.  But the Court granted certiorari to resolve a split among the appellate courts "over how to apply the favorable termination requirement of the Fourth Amendment claim under § 1983 for malicious prosecution," as "some . . . Courts of Appeals ha[d] held that a favorable termination

requires some affirmative indication of innocence," whereas others "held that a favorable termination occurs so long as the criminal prosecution ends without a conviction." *Id.* at 1336 (comparing Second, Third, and Tenth Circuit holdings with Eleventh Circuit holding). Before the *Thompson* decision, the Fourth Circuit already had held that a dismissal of charges by way of *nolle prosequi* was sufficient to meet the favorable termination requirement of a malicious prosecution claim. *See Owens*, 767 F.3d at 390 ("[T]he operative limitations period began to run on the date a malicious prosecution claim became ripe at common law, i.e., the date on which the *nolle prosequi* was entered"); *see also Vales v. Preciado*, No. DKC-05-3110, 2006 WL 8457080, at *7 (D. Md. July 28, 2006) (citing *Hines v. French*, 852 A.2d 1047, 1057 (Md. App. 2004)). Thus, while *Thompson* reversed the Second Circuit's decision, on which it had granted certiorari, the Court's holding affirmed the law as it existed in the Fourth Circuit. But even if *Thompson* had somehow revealed to Bailey-Bey that he had a newfound cause action, the Court's decision was decided on April 4, 2022, leaving Bailey-Bey four months to file a timely claim. Bailey-Bey does not allege any circumstances beyond his control that prevented him from timely filing his claim within three years of the dismissal of his criminal charges. As such, equitable tolling does not apply here.

Because Bailey-Bey's malicious prosecution claim is barred by the statute of limitations, his claim against Sgt. Manners is dismissed with prejudice. *See Foman*, 371 U.S. at 182; *Carson*, 851 F.3d at 305 n.6.[4]

---

[4] The Court does not consider the statute of limitations defense as to the claims against Mosby and Miller, who did not raise this defense, because "courts should not invoke a statute of limitations sua sponte unless proceeding to the merits would significantly implicate the efficiency and integrity of the judicial process." *United States v. Oliver*, 878 F.3d 120, 127 (4th Cir. 2017).

**IV.     Conclusion**

The defendants' motions to dismiss are granted.  Bailey-Bey's claims against Mosby in her

individual capacity, Miller, and Sgt. Manners are dismissed with prejudice, and his claim against

Mosby in her official capacity is dismissed without prejudice.  A separate order follows.


<u>August 3, 2023</u>
Date                                                                Deborah L. Boardman
                                                                United States District Judge